UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-13188-GAO

DARYL TAVARES,
Petitioner,

v.

LOIS RUSSO,
Respondent.

ORDER
September 30, 2016

O'TOOLE, D.J.

On August 17, 2015, Daryl Tavares filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Several weeks later, he filed a motion seeking a stay and abeyance of the petition to permit him to exhaust two purportedly unexhausted claims related to prosecutorial misconduct (Ground Seven) and ineffective assistance of counsel (Ground Eight) in state court. For the reasons set forth below, the motion is DENIED.

A federal court may not consider a § 2254 petition unless the petitioner has exhausted state court remedies for all claims raised in the petition. 28 U.S.C. § 2254(b)(1). Generally, if a petitioner files a petition containing both exhausted and unexhausted claims (i.e., one that is "mixed"), a federal court may (1) dismiss the petition in its entirety; (2) permit the petitioner to dismiss the unexhausted claims and proceed only with the exhausted claims; or (3) in some "limited circumstances" stay the petition and hold the petition in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. See Rhines v. Weber, 544 U.S. 269, 275–76, 277–78 (2005); Rose v. Lundy, 455 U.S. 509, 515 (1982). The third option, a stay of proceedings, is appropriate only if the petitioner "had good cause for his failure to exhaust, his

unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines, 544 U.S. at 278.

Assuming arguendo that the two claims at issue are unexhausted, the petitioner fails to establish good cause for a stay.[1] See id. He argues only that counsel was ineffective for refusing to raise the claims in a motion for new trial pursuant to Rule 30 of the Massachusetts Rules of Criminal Procedure prior to the petitioner's direct appeal. But whether the decision was strategic or inadvertent, appellant counsel's failure does not constitute good cause.[2] See Womack v. Saba, No. CIV.A. 11-40138-FDS, 2012 WL 685888, at *4 (D. Mass. Mar. 1, 2012) (citations omitted); see also Gaouette v. O'Brien, No. 07-12202-MLW, 2010 WL 5376849, at *1 (D. Mass. Dec. 20, 2010) (citations omitted).

Because the petitioner has not established good cause, a stay of this proceeding under Rhines is unwarranted. The petitioner shall file a memorandum of law in support of his petition on or before November 4, 2016. The respondent shall file his memorandum of law in opposition to the petition on or before December 9, 2016.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

---

[1] The Court notes that although the government "denies that grounds coextensive" with all claims advanced by the petitioner "were presented to the highest state court having jurisdiction" and pleads non-exhaustion as an affirmative defense, it has not moved to dismiss any claims in the petition as unexhausted. (Answer at 4–7, 10 (dkt. no. 12).) Further, in its opposition to the petitioner's motion to stay, it assumed for the sake of argument that the claims were unexhausted, but did not actually take that position. (Resp't Opp'n to Mot. to Stay Proceedings at 4–5 (dkt. no. 14).)

[2] Here, on direct appeal, appellant counsel appears to have raised the two claims at issue but disassociated himself from them, (see Resp't Supp. Answer Ex. D at 29 (dkt. no. 16)), suggesting that counsel's declination was a strategic determination on his part.